VIRGINIA: IN THE CIRCUIT COURT OF PULASKI COUNTY

CONNIE B. HAGA,
      *Plaintiff,*

v.

BODDIE-NOELL ENTERPRISES
INC. d/b/a, HARDEE'S
      *Defendant.*

)
)
)
)
)
)
)
)
)

VALIDATE CASE PAPERS
RCPT : 21000011204
DATE : 11/18/2021 TIME: 10:52
CASE : 155CL21000605-00
Case No. ~~ACCT : HAGA, CONNIE B~~
AMT. : $294.00

**COMPLAINT**

*PLEASE DO NOT SERVE AT THIS TIME*

    COMES NOW the Plaintiff, Connie B. Haga ("Haga"), by counsel, and moves for judgment against defendant Boddie-Noell Enterprises, Inc., d/b/a Hardee's *("Boddie-Noell")* and on the grounds and in the amount as hereinafter set forth:

    1.   At all times relevant hereto, the plaintiff is and was a resident/citizen of the Commonwealth of Virginia.

    2.   At all times relevant hereto, defendant Boddie-Noell is and was an entity formed under the laws of the State of North Carolina, and a foreign entity registered to do business in the Commonwealth of Virginia with its principal place of business in a location other than the Commonwealth of Virginia. Upon information and belief, the defendant is the owner and operator of a Hardee's restaurant located at or about 208 State Road 373, Dublin, VA 24084 (208 College Ave, Dublin, Virginia 24084) in the County of Pulaski, Virginia.

    4.   Some or all of the causes of actions alleged herein arose in Pulaski County, Virginia.

    5.   On or about December 8, 2019, Haga was an invitee and customer of the defendant at the Hardee's restaurant located in Dublin, Virginia 24084 in the County of Pulaski.

    6.   As the owners and operators of the Hardee's restaurant in Dublin, Virginia, a place of business to which the general public is invited, it is the duty of the Defendant, its agents


EXHIBIT
A

and employees to maintain the premises in a reasonably safe condition; to make reasonable inspections; to warn the public of any defects which they knew or should have known about and to otherwise use ordinary care and diligence to keep the premises in a reasonable safe condition for its intended use and free from all defects and conditions which would render it dangerous and unsafe for business invitees (the "Duties").

7.     The Defendant, its agents and employees knew that clear liquid was on the floor of the premises: in fact they created the hazard. Notwithstanding its aforementioned Duties, the Defendant, its agents and employees carelessly, recklessly, negligently, willfully and wantonly created the hazard and allowed a clear liquid to accumulate and remain on the floor of said premises, in an area where invitees of the store customarily traverse.

8.     Also, notwithstanding its aforementioned Duties, the Defendant, its agents and employees carelessly, recklessly, negligently, willfully and wantonly, allowed the clear liquid to accumulate on the floor; thereby causing a dangerous condition to exist on the premises in an area where invitees customarily traverse. The agents and employees knew or in the exercise of reasonable care should have known that the accumulating clear liquid on the floor of its premises caused the floor to become dangerously slippery.

9.     Notwithstanding its Duties to do so, as the owners and operators of the Hardee's restaurant in Dublin, Virginia, a place of business to which the general public is invited, the Defendant breached the aforementioned Duties by carelessly, recklessly, negligently, willfully and wantonly, failing to warn the public of the dangerous and hazardous condition caused by the clear liquid on the floor and by otherwise carelessly, recklessly and negligently allowing the clear liquid to remain on the floor.

10.     On or about December 8, 2019, the Defendant allowed a clear liquid to accumulate and remain on the floor in an area close in proximity to the front counter of the

2

restaurant where customers routinely traverse to order food and/or request assistance from employees. As a direct and proximate result of Defendant's negligence and breach of said Duties, Plaintiff Haga slipped in the clear liquid and fell to the floor resulting in serious bodily injuries.

11.    The front counter located near the entrance and exit to the restaurant where the clear liquid had accumulated and where the plaintiff fell was known by the defendant, its agents and employees to be a routinely traversed area not only by patrons but by agents and employees themselves. The defendant, its agent and employees, in failing to pay proper attention to the premises, by failing to maintain the premises, and by allowing a clear liquid to accumulate and remain on the floor, created the hazard that caused the plaintiff to fall.

13.    The defendant Boddie-Noell is responsible for the negligence of its agents and employees under the circumstances of this case and upon the theory of *respondeat superior*.

14.    As a direct and proximate result of the defendant's actions, the plaintiff was caused to sustain serious and permanent injuries. Plaintiff will continue to suffer great pain to body and mind, including excruciating and agonizing pains, aches, mental anguish, emotional distress, humiliation and limitation in restriction of her usual duties, pursuits and pleasures and has sustained permanent scarring and has incurred and will incur in the future hospital, doctors' and related bills in an effort to be cured of these injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the sum of Four Hundred Thousand Dollars and 00/100 ($400,000.00), plus interest from December 8, 2019, and her costs expended in this action.

A TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,
Connie B. Haga

3

By: _____
Of Counsel

D. Stephen Haga, Jr. (VSB# 19125)
THE HAGA LAW FIRM, PLC
27 Scattergood Drive, NW
Christiansburg, VA 24073
Phone: (540) 382-6321
Fax:    (540) 381-2884
        *Attorney for Plaintiff*

4